## Dedham and West Roxbury Railroad Company *vs.* Metropolitan Railroad Company.

The authority conferred on the West Roxbury Railroad Company by *St.* 1856, *c.* 201, to construct and maintain a railway over certain streets in West Roxbury was not revoked or repealed by *St.* 1858, *c.* 38, § 10.

Bill in equity praying for an injunction to restrain the defendants from building a street railway over a portion of Shawmut Avenue in West Roxbury, lying between the junction of said avenue with the Boston and Providence Railroad and the line separating West Roxbury from Roxbury.

At the hearing, it appeared that the plaintiffs were incorporated by *St.* 1861, *c.* 135, and that both they and the defendants claim the right to build a street railway over that part of

Shawmut Avenue above described. The West Roxbury Railroad Company was incorporated by *St.* 1856, *c.* 201, and at that time Shawmut Avenue was a turnpike, owned by a turnpike corporation, and was afterwards in 1857 laid out as a county road. Two agreements in writing between the West Roxbury Railroad Company and the Metropolitan Railroad Company, one dated September 3, 1857, and the other October 29, 1857, were put in evidence, and are sufficiently referred to in the opinion. On the 29th of August 1862, in pursuance of *St.* 1858, *c.* 38, § 9, the West Roxbury Railroad Company conveyed to the defendants all its real estate, railroad location, tracks, franchise, property and rights ; and since then has had no separate organization as a corporation, but has become merged in the defendants. The selectmen of West Roxbury have granted to the defendants a location in that town over Shawmut Avenue.

Upon these facts, and the several statutes relating to the subject matter, the case was reserved by the chief justice for the determination of the whole court.

*J. W. Rollins,* for the plaintiffs.

*S. Bartlett & L. Shaw,* for the defendants.

BIGELOW, C. J. We are of opinion that the power and authority conferred on the West Roxbury Railroad Company by their original charter, *St.* 1856, *c.* 201, to construct and maintain a railway over such streets in the town of West Roxbury as should from time to time be fixed and determined by a vote of the selectmen of said town, was not revoked or repealed by the subsequent provision in *St.* 1858, *c.* 38, § 10. Such repeal or revocation was clearly not intended by the legislature. Looking at the previous legislation in relation to the right of the West Roxbury Railroad Company to connect its tracks with those of the Metropolitan Railroad Company, the purpose of the revoking or repealing clause in *St.* 1858, *c.* 38, will be made manifest. Originally the former company, under the provisions of its charter above cited, had only the power to unite with the latter com pany " at such points as might be agreed in writing between them, on the line separating the town of West Roxbury from the city of Roxbury." But by *St.* 1857, *c.* 230, this power was

greatly enlarged. The West Roxbury Railroad Company was thereby authorized to extend its tracks into the city of Roxbury, and also into the city of Boston, over certain designated streets, and to connect its tracks in said streets at any point with those of the Metropolitan Railroad Company, and was also authorized to run its cars over the road of the last named company on certain conditions. The power thus granted to the West Roxbury Railroad Company was an absolute one, the exercise of which did not in any way depend on the assent of the Metropolitan Railroad Company. Such being the legal relation existing between these two corporations, they entered into negotiations with each other for the purpose of adjusting their conflicting interests and providing for a mode of connecting their respective roads by an amicable arrangement, instead of resorting to their legal rights under the statutes above cited. These negotiations resulted in agreements bearing date September 3d 1857 and October 29th 1857, by which, among other things, the location of the tracks of the West Roxbury Railroad Company in the streets of the city of Roxbury was definitely fixed and determined, and their point of connection with those of the Metropolitan Railroad Company was established; and all right of the former company to construct tracks elsewhere in said city of Roxbury or in the city of Boston, or to connect at other points or in a different mode with the latter company, were expressly released and surrendered. It was also stipulated by these agreements, that " both companies shall take all proper steps to get the contract ratified by the next legislature at the next session thereof, and also to get the charter of the West Roxbury Railroad Company so amended as not to allow them to build any further out of West Roxbury than herein indicated." It was after agreements containing these stipulations were executed, and to carry out the provisions contained in them, that *St.* 1858, *c.* 38, was passed, and by § 9 of that act it was enacted that said agreements " are hereby confirmed and assented to, and they may be carried into effect by said companies accordingly."

Viewed in the light of this statement of the previous legislation

in relation to the subject matter, and of the negotiations and agreements between the two corporations, the purpose of the repealing clause in *St.* 1858, *c.* 38, § 10, is free from all doubt. It was only designed to carry out and make effectual the stipulations of the two companies concerning the location of the West Roxbury Railroad in the city of Roxbury, and its connection with the Metropolitan Railroad Company in said city. It took away the authority given by *St.* 1857, *c.* 230, to the former corporation to build its road or connect its tracks with those of the latter at any place in the city of Roxbury other than those agreed on between the parties, and also annulled the power given to the West Roxbury Railroad Company to construct its road in the limits of the city of Boston; but beyond this the provision did not go. It annulled the authority to compel the Metropolitan Railroad Company to unite its tracks at such points in Roxbury or Boston as the West Roxbury Railroad Company might select in the streets designated. But it did not in terms or by implication take away the power conferred on the latter company by its original charter to construct a road in any street in the town of West Roxbury which it might with the assent of the selectmen determine upon, nor did it revoke the authority thereby conferred to connect the tracks of the two roads at such point on the line separating said town from the city of Roxbury as the two corporations might mutually fix and agree upon, in conformity with the provision contained in *St.* 1856, *c.* 201, § 1. These powers were left entirely untouched by the repealing clause contained in *St.* 1858, *c.* 38, § 10.

If there was any room for doubt as to the construction of this repealing clause in the latter statute, it is made entirely clear by the second section of the act incorporating the plaintiffs, *St.* 1861, *c.* 135, which clearly recognizes an existing authority in the West Roxbury Railroad Company to construct tracks in the town of West Roxbury over the streets named in the plaintiff's bill, and to form a connection with the Metropolitan Railroad Company at a point different from that specified in the *St.* 1858, *c.* 38, § 1. This recognition is wholly inconsistent with the construction, for which the plaintiffs contend, of the

repealing clause in *St.* 1858, *c.* 38, § 10. Nor can this provision in the plaintiffs' charter be properly construed as a new and special grant of power. On the contrary, it assumes the existence of the power, and is in the nature of a declaratory statute, defining and making clear the meaning of a prior enactment, and confirming a right which had been previously conferred. To us it seems clear that the plaintiffs, in asking for the interference of the court to restrain the defendants from constructing a road over the streets designated in their bill, are in effect seeking to set aside the manifest intention of the legislature, as incorporated into the provisions of their own charter.

*Bill dismissed.*